J-S24033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRAD A. LARSON | |
| Appellant | No. 1564 MDA 2015 |

Appeal from the Judgment of Sentence August 10, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000385-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 24, 2016**

Appellant, Brad A. Larson, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to two counts of possession of child pornography and one count of criminal use of communication facility.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On July 26, 2014, Appellant's girlfriend turned Appellant's cellphone over to police after she discovered child pornography on the phone.  Police obtained a search warrant, and a search of Appellant's phone revealed hundreds of child pornography images and videos.  On February 27, 2015, the

_____

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512(a), respectively.

Commonwealth charged Appellant with two counts of possession of child pornography and one count of criminal use of communication facility. Appellant entered an open guilty plea to all charged counts on March 6, 2015, in exchange for the Commonwealth's agreement not to file additional charges against Appellant. After accepting Appellant's guilty plea, the court ordered the Sexual Offender Assessment Board ("SOAB") to assess Appellant and determine if Appellant met the criteria for classification as a sexually violent predator ("SVP"). SOAB member, Paula Brust, conducted Appellant's assessment.

The court held a SVP hearing on August 10, 2015, where Ms. Brust testified on behalf of the Commonwealth. Appellant's counsel stipulated to Ms. Brust's credentials, and the court qualified Ms. Brust as an expert in the field of clinical psychology. Ms. Brust testified that her assessment of Appellant revealed Appellant met the diagnostic criteria for antisocial personality disorder, which is a chronic lifetime condition. She based this conclusion on the following: (1) Appellant's admission that he viewed child pornography from 2003 to 2014; (2) Appellant's admission that he joined a child pornography chat room and posted a clothed picture of his own minor daughter to join the chat room; (3) Appellant's admission that he downloaded and traded numerous images of child pornography; (4) Appellant's juvenile conviction of indecent assault against a minor; (5) Appellant's numerous other convictions including corruption of minors; (6)

the protection from abuse orders issued against Appellant; and (7) the fact that Appellant had been out of jail and on probation for only two months before he committed the instant offenses. Ms. Brust stated all of these facts supported her conclusion that Appellant suffered from antisocial personality disorder because they demonstrated: (1) Appellant's failure to conform to social norms; (2) Appellant's deceitfulness; (3) Appellant's impulsivity; (4) Appellant's irritability and aggressiveness towards others; and (5) Appellant's reckless disregard for the safety of others. Ms. Brust further testified that Appellant exhibited predatory behavior because he had viewed child pornography regularly for a period of ten years, he had sent a picture of his own minor child to a chat room where sexual offenders were members, and he had a juvenile conviction of indecent assault of a minor. Based on these findings and conclusions, Ms. Brust opined that Appellant met the criteria for classification as a SVP. As a result, the court imposed SVP status on Appellant because he has a chronic lifetime personality disorder that makes him likely to engage in predatory sexually violent offenses.

Immediately following the SVP hearing, the court sentenced Appellant to sixteen (16) months' to four (4) years' imprisonment for the first possession of child pornography conviction, twelve (12) months' to four (4) years' imprisonment for the second possession of child pornography conviction, and twelve (12) months' to four (4) years' imprisonment for

Appellant's criminal use of a communication facility conviction. The court ordered Appellant to serve all of the sentences consecutively; thus, the court sentenced Appellant to an aggregate term of forty (40) months' to twelve (12) years' imprisonment. On August 19, 2015, Appellant timely filed a motion for reconsideration, which the court denied the same day. Appellant timely filed a notice of appeal on September 10, 2015. On September 17, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 28, 2015. On December 16, 2015, Appellant's counsel filed an *Anders* brief and petition for leave to withdraw as counsel.

As a preliminarily matter, counsel seeks to withdraw her representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934

A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and

___

2 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated 12/16/15, attached to Petition for Leave to Withdraw as Counsel.) In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

> WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT DETERMINED THAT [] APPELLANT WAS A SEXUALLY VIOLENT PREDATOR WHERE THE COMMONWEALTH FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT HE MET THE CRITERIA FOR SUCH A CLASSIFICATION?

(**Anders** Brief at 5).

Appellant argues his diagnosis of antisocial personality disorder by the Commonwealth's expert, Ms. Brust, was insufficient to show by clear and convincing evidence that Appellant suffers from a mental abnormality or personality disorder. Appellant asserts Ms. Brust is not qualified to "diagnose" Appellant with a mental abnormality or personality disorder because she is not a doctor, psychiatrist, or licensed clinician. Appellant contends Ms. Brust's improper diagnosis of Appellant is illustrated by the

lack of an antisocial personality disorder diagnosis in Appellant's extensive mental health history. Appellant also claims the court failed to identify any other basis for its determination that Appellant suffers from a mental abnormality or personality disorder, which is necessary for SVP classification. Appellant concludes the evidence was insufficient to support his SVP designation, and this Court should reverse that decision. We disagree.

Our standard review of a trial court's SVP designation is as follows:

> [T]o affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a [SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 125 A.3d 1199 (2015) (internal citation omitted).

"After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the [SOAB]." 42 Pa.C.S.A. § 9799.24(a). Section 9799.24(b) provides:

> **§ 9799.24. Assessments**
>
> \* \* \*
>
> **(b) Assessment.**—Upon receipt from the court of an order for an assessment, a member of the board…shall conduct an assessment of the individual to determine if the

individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1)    Facts of the current offense, including:

(i)    Whether the offense involved multiple victims.
(ii)    Whether the individual exceeded the means necessary to achieve the offense.
(iii)    The nature of the sexual contact with the victim.
(iv)    Relationship of the individual to the victim.
(v)    Age of the victim.
(vi)    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
(vii)    The mental capacity of the victim.

(2)    Prior offense history, including:

(i)    The individual's prior criminal record.
(ii)    Whether the individual completed any prior sentences.
(iii)    Whether the individual participated in available programs for sexual offenders.

(3)    Characteristics of the individual, including:

(i)    Age.
(ii)    Use of illegal drugs.
(iii)    Any mental illness, mental disability or mental abnormality.
(iv)    Behavioral characteristics that contribute to the individual's conduct.

(4)    Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

*    *    *

42 Pa.C.S.A. § 9799.24(b). The SOAB's duty is to assess the defendant; it

does not perform an adjudicative function. ***Commonwealth v. Kopicz***, 840 A.2d. 342, 351 (Pa.Super. 2003).

"To deem an individual a sexually violent predator, the Commonwealth must first show [the individual] 'has been convicted of a sexually violent offense as set forth in [section 9799.14]….'" ***Commonwealth v. Askew***, 907 A.2d 624, 629 (Pa.Super. 2006), *appeal denied*, 591 Pa. 709, 919 A.2d 954 (2007). ***See also*** 42 Pa.C.S.A. § 9799.12. "Secondly, the Commonwealth must show that the individual has 'a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses.'" ***Askew, supra***. When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's SVP status. ***Kopicz, supra*** at 351.

The SVP assessment is not a trial or a separate criminal proceeding that subjects the defendant to additional punishment. ***Commonwealth v. Howe***, 842 A.2d 436, 445-46 (Pa.Super. 2004). SVP status, therefore, does not require proof beyond a reasonable doubt; the court decides SVP status upon a showing of clear and convincing evidence that the offender is, in fact, an SVP. ***Commonwealth v. Killinger***, 585 Pa. 92, 104, 888 A.2d 592, 600 (2005).

"With regard to the various assessment factors…, there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a

checklist with each one weighing in some necessary fashion for or against SVP designation." **Commonwealth v. Brooks**, 7 A.3d 852, 863 (Pa.Super. 2010), *appeal denied*, 610 Pa. 614, 21 A.3d 1189 (2011). Thus, "[t]he Commonwealth does not have to show that any certain factor is present or absent in a particular case." **Id.** Moreover, "to carry its burden of proving that an offender is an SVP, the Commonwealth is not obliged to provide a clinical diagnosis by a licensed psychiatrist or psychologist" of a personality disorder or mental abnormality. **Commonwealth v. Conklin**, 587 Pa. 140, 158, 897 A.2d 1168, 1178 (2006).

Instantly, the trial court reasoned as follows:

> [Ms.] Brust performed the assessment of [Appellant] and testified that [Appellant] met the diagnostic criteria for a mental abnormality or personality disorder since he admitted that he viewed child pornography from 2003 to 2014, he joined a child pornography chat room, he posted a picture of his own minor daughter in order to join the chat room, and he downloaded numerous images and traded them. She also found significant that [Appellant] had a juvenile [indecent assault] conviction, that he has committed other crimes including corruption of minors, that he had protection from abuse orders issued against him, and that he was only out of jail and on probation for [two] months when he was found to have committed the offenses here. She specifically found that [Appellant] met the criteria for antisocial personality disorder since he failed to conform to social norms as shown by his numerous arrests, convictions, and charges; he is deceitful and engages in repeated lying, using aliases and conning others; he acts impulsively; he has shown reckless disregard for the safety of others in committing numerous crimes including the crimes here. She also testified that [Appellant] met the criteria for a predator since his behavior was predatory, he had been adjudicated for [indecent assault] as a juvenile, he stated that he had

- 10 -

been viewing child pornography for [ten] years, and he sent pictures of his own child to a chat room with other sexual offenders. The court thus found that there was clear and convincing evidence that [Appellant] met the criteria of a [SVP] pursuant to 42 Pa.C.S.A. 9799.24.

(**See** Trial Court Opinion, filed October 22, 2015, at 6). The record supports the court's sound reasoning. **See Hollingshead, supra**.

Further, Appellant's assertion, that Ms. Brust could not "diagnose" him with antisocial personality disorder because she is not a licensed psychologist or psychiatrist, has no merit. Appellant's counsel stipulated to Ms. Brust's credentials, and the court qualified Ms. Brust as an expert in clinical psychology prior to her testimony. Ms. Brust then explained the facts which supported her determination that Appellant suffers from antisocial personality disorder. Importantly, the Commonwealth was free to rely on this testimony to prove Appellant met the SVP criteria. **See Conklin, supra**. Additionally, the court was free to accept Ms. Brust's assessment that Appellant suffers from antisocial personality disorder. **See Kopicz, supra**. Therefore, the evidence was sufficient to support Appellant's SVP classification. **See Hollingshead, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judge Musmanno joins this memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016